UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 NOV 15 PM 2:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

TAMI BLAHA                )
                          )
    Plaintiff,            )
                          )
vs.                       )   Civil Action No. CV-00-S-1979-NE
                          )
DAIMLER CHRYSLER          )
CORPORATION,              )   ENTERED
                          )
    Defendant.            )   NOV 15 2000

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss or, in the alternative, for summary judgment (doc. no. 4). Defendant contends plaintiff failed to exhaust her administrative remedies, because the Equal Employment Opportunity Commission failed to certify, when issuing its most recent (and second) notice of plaintiff's right to sue, that it would be unable to process her charge within 180 days.

This is the second action filed by plaintiff against defendant. Plaintiff filed the first action on January 25, 2000. Defendant also moved to dismiss that suit for plaintiff's failure to exhaust administrative remedies. This court granted that motion, and dismissed plaintiff's claims without prejudice on March 31, 2000. Plaintiff filed the present action on July 17, 2000, and defendant again argues that plaintiff has failed to exhaust her

administrative remedies. Upon consideration of the motion, briefs, pleadings, and evidence submitted by the parties, the court concludes that defendant's present motion is due to be denied.

## I. BACKGROUND

This is an employment discrimination case. Plaintiff, Tami Blaha, contends defendant, Daimler Chrysler Corporation, discriminated against her because of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* She alleges that her supervisor at Daimler Chrysler, Robert Wesson, subjected her to a sexually hostile work environment, which materially altered the terms and conditions of her employment and led to her constructive discharge.

### A. Blaha I

Plaintiff initially submitted a letter charging discrimination to the EEOC. That letter was stamped "received" by the EEOC on May 19, 1999. The letter-charge did not satisfy the oath and verification requirements of Title VII, however.[1] The EEOC allows plaintiffs who file defective charges to amend them.[2] Plaintiff

---

[1] Title VII, 42 U.S.C. § 2000e-5(b) requires: "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."

[2] 29 C.F.R. § 1601.12(b) provides:

[A] charge is sufficient when the Commission receives from the

2

filed an amended complaint on July 26, 1999. The second charge is titled "E.E.O.C. Amended Complaint (Original Complaint Filed on May 19, 1999)."

The EEOC received a letter from plaintiff's first (now discharged) attorney on October 5, 1999, requesting the issuance of a notice of right to sue. The EEOC issued such a notice on October 29, 1999, but that was just 163 days after plaintiff filed her original charge of discrimination, and only 95 days after plaintiff filed her amended charge of discrimination.

The EEOC's standard, pre-printed, notice of right to sue forms contain a number of categories that indicate its rationale for issuing such notice, each with a corresponding box that may be marked with an "X." On plaintiff's first notice of right to sue, the EEOC marked, "With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this ... charge." The EEOC failed, however, to mark another category of explanation, which reads: "Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable ... to complete its process within 180

---

person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments ... will relate back to the date the charge was first received. ...

days from the filing of the charge."

Defendant thus moved this court to dismiss the original action on the basis that plaintiff had failed to exhaust administrative remedies, arguing that she had intentionally circumvented the mandatory 180-day administrative investigation and conciliation period established for Title VII actions by 42 U.S.C. § 2000e-5(f)(1).[3] Defendant further asserted that plaintiff could not justify the premature issuance of a notice of right to sue under 29 C.F.R. § 1601.28(a)(2),[4] because the EEOC had not stated on plaintiff's notice that it "will be unable ... to complete its process within 180 days from the filing of the charge."

---

[3]That statute provides, in relevant part:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ....

42 U.S.C. § 2000e-5(f)(1).

[4] That regulation provides, in relevant part:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice ... <u>provided[] that [a designated EEOC official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect</u>.

29 C.F.R. § 1601.28(a)(2) (emphasis supplied).

4

In opposition to defendant's motion to dismiss her first action, plaintiff offered the affidavit of the Director of the EEOC's Birmingham, Alabama District Office. The Director affirmed that she was custodian of the records in that office, and asserted that an unidentified EEOC representative had "inadvertently omitted to check the appropriate box" on the Notice of Right to Sue received by plaintiff.[5]

After reviewing the evidence and briefs of the parties, this court granted defendant's motion to dismiss. Plaintiff's first action was dismissed without prejudice on March 31, 2000.

**B. Blaha II**

Following the dismissal of plaintiff's first action, her original (and now discharged) attorney requested that the EEOC reopen plaintiff's file for investigation by means of a letter dated April 4, 2000. Plaintiff received a second notice of right to sue on April 20, 2000. This notice appeared to conform to requirements. The EEOC had marked the category "More than 180 days have passed since the filing of this charge." The EEOC also had marked the category "The EEOC is terminating its processing of this charge."

---

[5] The document submitted was actually entitled "Certification," apparently in an effort to comply with 29 C.F.R. § 1601.28(a)(2).

During the period leading up to the filing of plaintiff's first action in this court, her attorney had requested an early issuance of a notice of right to sue, and received it on October 29, 1999: the 163rd day following submission of plaintiff's original charge of discrimination to the EEOC. Therefore, when this court dismissed plaintiff's first action without prejudice on March 31, 2000, only seventeen days remained for fulfillment of the 180 day administrative prerequisite. The EEOC apparently waited that period and issued a second notice of right to sue to plaintiff on April 20, 2000.

Defendant, nevertheless, again asserts that plaintiff has not exhausted administrative remedies, arguing that the charge has been within the bosom of the EEOC for only 115 days in the aggregate. Defendant bases that argument upon the contention that plaintiff's original letter-charge of discrimination did not comply with all requirements for a charge,[6] and that the 180 day period should therefore begin to run from the date on which plaintiff filed her amended charge. The period of time elapsing between that date, July 26, 1999, and the date on which the first notice issued, October 29, 1999, was only 95 days. The charge then was under the auspices of this court for 154 days, from October 29, 1999 until

---

[6] See note 1 and related text, *supra*.

the dismissal of the first action on March 31, 2000. Twenty more days then elapsed between the date on which the first action was dismissed and the date on which the EEOC issued plaintiff a second notice of her right to sue.

Defendant argues that the EEOC did not have control of the charge for the full statutory period. Defendant further argues that the EEOC failed to mark the category denoting: "Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable ... to complete its process within 180 days from the filing of the charge."

Plaintiff argues in response that the amended charge should be deemed to relate back to May 19, 1999, the day on which her original letter was received by the EEOC.[7] Plaintiff thus contends that the EEOC had control over the charge for the requisite 180 days, when considered in the aggregate.

## II. DISCUSSION

Title VII procedural requirements to suit are to be viewed as "conditions precedent to suit rather than as jurisdictional requirements." *Fouche v. Jekyll Island-State Park Authority*, 713

---

[7]Plaintiff submitted a letter to the EEOC on May 19, 1999, detailing the circumstances of the alleged discrimination (doc. no. 5, Ex. F). The EEOC marked that letter "Received." Plaintiff then filed an Amended Complaint on July 26, 1999 (doc. no. 5, Ex. A).

7

F.2d 1518, 1524 (11th Cir. 1983) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). As such, the procedural requirements are subject to "equitable modification in appropriate circumstances." *Id.* at 1525.

The receipt of a notice of right to sue is one of the conditions precedent that may be equitably modified. *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1219 (11th Cir. 1982). This is because Title VII "does not condition an individual's right to sue upon the EEOC's performance of its administrative duties." *Sims v. Trus Joist MacMillan*, 22 F.2d 1059, 1063 (11th Cir. 1994) (quoting *Jefferson v. Peerless Pumps Hydrodynamic, Div Of FMC Corp.*, 456 F.2d 1359, 13 61 (9th Cir. 1972). Moreover, the purpose of the 180 day period may be served by equitable modification. The Eleventh Circuit found: "Congress intended that complaints be handled expeditiously. Because Congress was also aware of the Commissions' backlog, it established a ceiling of time — 180 days — beyond which a complainant would not have to wait before filing a claim in district court." *Id.*

Whether the plaintiff in this action has waited the requisite number of days depends upon the method of counting. Plaintiff and

8

the EEOC contend that she has met or exceeded the 180 day requirement. Defendant asserts that plaintiff has only waited 115 days.

The EEOC received plaintiff's original charge, submitted in the form of a letter, on May 19, 1999. The agency therefore had been cognizant of her charge for 336 days prior to the date on which plaintiff filed the present (second) action. On both notices of right to sue issued to plaintiff, the EEOC indicated that it was "terminating the processing of this charge." Thus, the agency has twice demonstrated that it does not intend to investigate the charge, or to engage in attempts at conciliation. Requiring the plaintiff to wait an additional period would be futile. Moreover, it would be detrimental only to the plaintiff.

The court cannot determine whether the blame for plaintiff's situation lies with her various attorneys, or with the EEOC, or both. Even so, the plaintiff has, at least twice, and in good faith, attempted to comply with the administrative prerequisites to suit. This court accordingly finds that the balance of the equities now has tipped decidedly in her favor, and that plaintiff should be entitled to pursue her claims in this court.

### III. CONCLUSION

Based upon the foregoing, this court concludes that plaintiff

is equitably entitled to pursue her claims of employment discrimination in the present action. Defendant's motion to dismiss is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 15th day of November, 2000.

_____
United States District Judge